COURT OF APPEALS OF VIRGINIA

Present:  Judges Willis, Elder and Annunziata
Argued at Richmond, Virginia


BOBBIE G. MYREE

MEMORANDUM OPINION[*] BY
v.    Record No. 0383-98-2        JUDGE JERE M. H. WILLIS, JR.
                                           MARCH 2, 1999
COMMONWEALTH OF VIRGINIA

               FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                          Walter W. Stout, III, Judge

               Patricia P. Nagel, Assistant Public Defender
               (David J. Johnson, Public Defender, on brief),
               for appellant.

               Eugene Murphy, Assistant Attorney General
               (Mark L. Earley, Attorney General, on brief),
               for appellee.


     On appeal from his conviction for possession of cocaine with

intent to distribute, in violation of Code § 18.2-248, Bobbie G.

Myree contends that he was unlawfully seized and that the trial

court erred by receiving into evidence cocaine that was

discovered pursuant to that seizure.  We affirm the judgment of

the trial court.

     On July 24, 1997, Richmond Police Officer Cappelli stopped a

car being driven by Myree, after observing that the car had a

cracked windshield.  Officer Cappelli approached Myree, explained

his reason for stopping the car, and requested identification.

Myree responded that he had none and gave the officer a false

name.  When the officer could not find the name, birth date, and

---

        *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

Social Security number given by Myree in the computer, he told Myree that he would arrest him for giving a false name. Myree then gave his correct name.

Having determined that Myree was an habitual offender and that he was driving with a suspended license, Officer Cappelli arrested Myree, and upon searching him incident to arrest, found cocaine on his person.

Denying Myree's motion to suppress, the trial court received the cocaine into evidence. Myree was convicted of possession of cocaine with intent to distribute, in violation of Code § 18.2-248, and was sentenced to six years imprisonment, with four years and eight months suspended.

Myree contends that Officer Cappelli had no lawful basis to stop his car. He argues that because his arrest, search, and the discovery of cocaine on his person derived from the stop, the seizure of the cocaine was unlawful and the cocaine should have been suppressed. We disagree. An investigatory stop is lawful if an officer has a reasonable suspicion of unlawful activity, based upon articulable facts. See McGee v. Commonwealth, 25 Va. App. 193, 202, 487 S.E.2d 259, 263 (1997) (en banc).

Code § 46.2-1057 requires a motor vehicle to be equipped with a windshield. Code § 46.2-1056 requires that safety glass be used in motor vehicles. Code § 46.2-1002 requires that safety glass in a motor vehicle being operated on a highway be of an approved type. Code § 46.2-1003 provides, as follows:

It shall be unlawful for any person to use or
have as equipment on a motor vehicle operated
on a highway any device or equipment
mentioned in [Code] § 46.2-1002 which is
defective or in an unsafe condition.

Before stopping Myree, Officer Cappelli observed that the windshield of Myree's car was cracked. This articulable fact gave rise reasonably to the suspicion that Myree's windshield might be defective or unsafe, in violation of Code § 46.2-1003.

Myree argues that Code § 46.2-1003 applies only to unapproved equipment. We do not read the statute thus. Code § 46.2-1003 refers to the items of equipment recited in Code § 46.2-1002. It does not refer to the unapproved condition of those items. Furthermore, Myree's interpretation would render Code § 46.2-1003 redundant, because application of the statute would require first that the equipment be shown to be unapproved before its defectiveness would become relevant. Under that interpretation, the statute would forbid only equipment which is both unapproved and defective.

Myree argues further that the stop was unlawful because Officer Cappelli did not know that the windshield was defective. However, the purpose of a Terry stop is to confirm or dispel the officer's suspicion of unlawful activity. Cherry v. Commonwealth, 14 Va. App. 135, 141, 415 S.E.2d 242, 245 (1992). Cappelli stopped Myree to determine whether the crack rendered the windshield defective.

Because Cappelli had a reasonable and articulable suspicion that a traffic infraction was being committed, his stop of

Myree's car was lawful.  Having arrested Myree as an habitual offender, Cappelli was authorized to search him incident to a lawful arrest.  See Poindexter v. Commonwealth, 16 Va. App. 730, 733, 432 S.E.2d 527, 529 (1993).

Accordingly, the judgment of the trial court is affirmed.

Affirmed.